# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DANIEL SIEGFRIED,                                :
                                                 :
      Plaintiff,                            :        **C.A. No.:**
                                                 :
v.                                               :
                                                 :
McNEIL CONSUMER HEALTHCARE A                     :
DIVISION OF McNEIL-PPC, INC., a                  :
foreign corporation, JOHNSON &                   :
JOHNSON- MERCK CONSUMER                          :        <u>**JURY OF SIX DEMANDED**</u>
PHARMACEUTICALS CO., a foreign                   :
corporation, JOHNSON & JOHNSON, a               :
foreign corporation, SFGT, INC., a foreign       :
corporation, MILLSPORT L.L.C., a                 :
Delaware corporation, MILLSPORT L.L.C.,          :
a foreign corporation, OMNICOM GROUP,            :
INC. a foreign corporation, and ANDREW           :
MCVEY, an individual,                            :
                                                 :
      Defendants.                           :

## <u>COMPLAINT</u>

### <u>PARTIES</u>

    1.    Plaintiff, Daniel Siegfried, is an individual who resides at P.O. Box 382,

Analomink, Pennsylvania 18320.

    2.    Defendant, McNeil Consumer Healthcare, a division of McNeil-PPC, Inc.

(hereinafter referred to as "McNeil"), is a foreign corporation whose principal place of business

is located at 7050 Camp Hill Road, Fort Washington, Pennsylvania 19034. [DENIAL OF THIS

ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT PURSUANT TO

10 Del. C. § 3915].

    3.    Defendant, Johnson & Johnson- Merck Consumer Pharmaceuticals, Co.

(hereinafter referred to as "Johnson & Johnson- Merck"), is a foreign corporation whose

principal place of business is located at One Johnson & Johnson Plaza, New Brunswick, New

Jersey 08933. [DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE
BY AFFIDAVIT PURSUANT TO 10 Del. C. § 3915].

4.    Defendant, Johnson & Johnson, is a foreign corporation whose principal place of
business is located at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933.
[DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY
AFFIDAVIT PURSUANT TO 10 Del. C. § 3915].

5.    Defendant, SFGT, Inc., is a foreign corporation whose principal place of business
is located at 2215 Walnut Street, Philadelphia, Pennsylvania 19103. [DENIAL OF THIS
ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT PURSUANT TO
10 Del. C. § 3915].

6.    Defendant, Millsport, L.L.C. (hereinafter "Millsport Delaware"), is a Delaware
limited liability company whose registered agent is Corporation Service Company, 2711
Centerville Road, Suite 400, Wilmington Delaware 19808. [DENIAL OF THIS ALLEGATION
BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT PURSUANT TO 10 Del. C. §
3915].

7.    Defendant, Millsport, L.L.C. (hereinafter "Millsport foreign"), is a foreign limited
liability company whose principle place of business is Stamford Towers, 750 Washington
Boulevard, Stamford, Connecticut 06901. [DENIAL OF THIS ALLEGATION BY THE
DEFENDANT MUST BE MADE BY AFFIDAVIT PURSUANT TO 10 Del. C. § 3915].

8.    Defendant, Omnicom Group, Inc., is a foreign corporation whose principle place
of business is 196 Joy Lane, New Britain Connecticut 06053. [DENIAL OF THIS
ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT PURSUANT TO
10 Del. C. § 3915].

9.    Defendant, Andrew McVey, in an individual who resides at 151 N Orlando Ave,
Apt 213, Winter Park FL 32789-3607.

**JURISDICTION**

10.    Paragraphs 1 through 4 are incorporated herein by reference.

11.    Jurisdiction is conferred pursuant to 28 U.S.C. §1332(a)(1) and § 1332(c)(1) as the amount in controversy exceeds $75,000.00 and the action is between citizens of different states.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(a), as this is the judicial district in which some of the defendants reside and the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

**FACTUAL ALLEGATIONS**

12.    On or about June 5, 2005, at approximately 11:00 a.m., the plaintiff, Daniel Siegfried, was a passenger on the back of a "Team Tylenol" promotional golf cart, at the Dover International Speedway in Dover, Delaware.

13.    At the aforementioned time and place, the golf cart, recklessly operated by the defendant, Andrew McVey, made a sharp turn on the racetrack, throwing the plaintiff off the back of the cart onto the blacktop track, resulting in severe personal injuries to the plaintiff, Daniel Siegfried.

14.    On the above-mentioned date, the defendant, Andrew McVey, was an employee of McNeil, and was acting within the scope of his employment.

15.    On the above-mentioned date, the defendant, Andrew McVey, was an employee of Johnson & Johnson- Merck, and was acting within the scope of his employment.

16.    On the above-mentioned date, the defendant, Andrew McVey, was an employee of Johnson & Johnson, and was acting within the scope of his employment.

17.    On the above-mentioned date, the defendant, Andrew McVey, was an employee of SFGT, Inc., and was acting within the scope of his employment.

18.    On the above-mentioned date, the defendant, Andrew McVey, was an employee of Millsport Delaware, and was acting within the scope of his employment.

19.    On the above-mentioned date, the defendant, Andrew McVey, was an employee of Millsport foreign, and was acting within the scope of his employment.

20.    On the above-mentioned date, the defendant, Andrew McVey, was an employee of Omnicom Group Inc., and was acting within the scope of his employment

21.    At all times relevant, the defendant, McNeil, owned, maintained, managed, and/or controlled the golf cart and was responsible for the promotional campaign at the Dover Motor Speedway.

22.    At all times relevant, the defendant, Johnson & Johnson- Merck owned, maintained, managed, and/or controlled the golf cart and was responsible for the promotional campaign at the Dover Motor Speedway.

23.    At all times relevant, the defendant, Johnson & Johnson, owned, maintained, managed, and/or controlled the golf cart and was responsible for the promotional campaign at the Dover Motor Speedway.

24.    At all times relevant, the defendant, SFGT, Inc., owned, maintained, managed, and/or controlled the golf cart and/or was responsible for the promotional campaign at the Dover Motor Speedway.

25.    At all times relevant, the defendant, Millsport Delaware, owned, maintained, managed, and/or controlled the golf cart and/or was responsible for the promotional campaign at the Dover Motor Speedway.

26.    At all times relevant, the defendant, Millsport foreign, owned, maintained, managed, and/or controlled the golf cart and/or was responsible for the promotional campaign at the Dover Motor Speedway.

27.     At all times relevant, the defendant, Omnicom Group, Inc., owned, maintained, managed, and/or controlled the golf cart and/or was responsible for the promotional campaign at the Dover Motor Speedway.

## COUNT I
## CLAIM AGAINST McNEIL

28.     Paragraphs 1 through 27 are incorporated by reference.

29.     The direct and proximate cause of the plaintiff's injuries was the negligence of the defendant, McNeil, its agents, servants and/or employees while acting in the course and scope of their employment.

30.     The negligence of McNeil's, agents, servants, and/or employees is imputed onto the defendant, McNeil.

31.     The defendant, Andrew McVey, was an employee of the defendant, McNeil, acting within the scope of his employment at all times relevant.

32.     A proximate cause of the aforesaid collision was the negligence of the defendant, McNeil, by negligently hiring the defendant, Andrew McVey, whom they knew or should have known would act in a manner likely to cause injury to third persons.

33.     Defendant, McNeil, did not use reasonable care in selecting an employee, specifically the defendant, Andrew McVey, competent for the work intended.

34.     The defendant, McNeil, by negligently hiring a person whom they knew or should have known would act in a manner likely to cause injuries to third parties, acted in a manner which constituted willful and wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

35.     The direct and proximate result of the accident was the negligence of the defendant, McNeil, as follows:

(a)     It knew or should have known of the existence of an unsafe condition on its property, namely the slippery substance on the seats of the golf cart;

Doroshow, Pasquale,
Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

(b)    It failed to provide a seat restraining device;

(c)    It failed to take adequate steps to prevent the dangerous conditions then existing;

(d)    It failed to remedy the dangerous conditions within a reasonable period of time after it became aware or should have become aware of the dangerous condition;

(e)    It failed to take reasonable precautions to prevent this accident from happening;

(f)    It failed to maintain its property in a safe condition;

(g)    It failed to adequately remove dangerous conditions from its property so it would be safe for individuals to sit on said property;

(h)    It failed to provide an alternate location for the plaintiff to sit to prevent individuals from encountering the dangerous condition;

(i)    It acted with willful or wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

(j)    It failed to fulfill its duty to protect individuals riding on the vehicle, including the plaintiff, Daniel Siegfried, from dangerous conditions.

(k)    It failed to adequately supervise and/or train its employees including the employee that operated the vehicle;

(l)    It was otherwise negligent.

## COUNT II
## CLAIM AGAINST JOHNSON & JOHNSON- MERCK

36.    Paragraphs 1 through 35  are incorporated by reference.

37.    The direct and proximate cause of the plaintiff's injuries was the negligence of the defendant, Johnson & Johnson- Merck, its agents, servants and/or employees while acting in the course and scope of their employment.

38.    The negligence of Johnson & Johnson- Merck's agents, servants, and/or employees is imputed onto the defendant, Johnson & Johnson- Merck.

39.    The defendant, Andrew McVey, was an employee of the defendant, Johnson & Johnson- Merck, acting within the scope of his employment at all times relevant.

40.    A proximate cause of the aforesaid collision was the negligence of the defendant, Johnson & Johnson- Merck, by negligently hiring the defendant, Andrew McVey, whom they knew or should have known would act in a manner likely to cause injury to third persons.

41.    Defendant, Johnson & Johnson- Merck, did not use reasonable care in selecting an employee, specifically the defendant, Andrew McVey, competent for the work intended.

42.    The defendant, Johnson & Johnson- Merck, by negligently hiring a person whom they knew or should have known would act in a manner likely to cause injuries to third parties, acted in a manner which constituted willful and wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

43.    The direct and proximate result of the accident was the negligence of the defendant, Johnson & Johnson- Merck, as follows:

(a)    It knew or should have known of the existence of an unsafe condition on its property, namely the slippery substance on the seats of the golf cart;

(b)    It failed to provide a seat restraining device;

(c)    It failed to take adequate steps to prevent the dangerous conditions then existing;

(d)    It failed to remedy the dangerous conditions within a reasonable period of time after it became aware or should have become aware of the dangerous condition;

(e)    It failed to take reasonable precautions to prevent this accident from happening;

(f)    It failed to maintain its property in a safe condition;

Doroshow, Pasquale,
Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

(g)    It failed to adequately remove dangerous conditions from its property so it would be safe for individuals to sit on said property;

(h)    It failed to provide an alternate location for the plaintiff to sit to prevent individuals from encountering the dangerous condition;

(i)    It acted with willful or wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

(j)    It failed to fulfill its duty to protect individuals riding on the vehicle, including the plaintiff, Daniel Siegfried, from dangerous conditions.

(k)    It failed to adequately supervise and/or train its employees including the employee that operated the vehicle;

(l)    It was otherwise negligent.

## COUNT III
## CLAIM AGAINST JOHNSON & JOHNSON

44.    Paragraphs 1 through 43 are incorporated by reference.

45.    The direct and proximate cause of the plaintiff's injuries was the negligence of the defendant, Johnson & Johnson, its agents, servants and/or employees while acting in the course and scope of their employment.

46.    The negligence of Johnson & Johnson's agents, servants, and/or employees is imputed onto the defendant, Johnson & Johnson.

47.    The defendant, Andrew McVey, was an employee of the defendant, Johnson & Johnson, acting within the scope of his employment at all times relevant.

48.    A proximate cause of the aforesaid collision was the negligence of the defendant, Johnson & Johnson, by negligently hiring the defendant, Andrew McVey, whom they knew or should have known would act in a manner likely to cause injury to third persons.

49.    Defendant, Johnson & Johnson, did not use reasonable care in selecting an employee, specifically, the defendant, Andrew McVey, competent for the work intended.

50.    The defendant, Johnson & Johnson, by negligently hiring a person whom they knew or should have known would act in a manner likely to cause injuries to third parties, acted in a manner which constituted willful and wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

51.    The direct and proximate result of the accident was the negligence of the defendant, Johnson & Johnson, as follows:

(a)    It knew or should have known of the existence of an unsafe condition on its property, namely the slippery substance on the seats of the golf cart;

(b)    It failed to provide a seat restraining device;

(c)    It failed to take adequate steps to prevent the dangerous conditions then existing;

(d)    It failed to remedy the dangerous conditions within a reasonable period of time after it became aware or should have become aware of the dangerous condition;

(e)    It failed to take reasonable precautions to prevent this accident from happening;

(f)    It failed to maintain its property in a safe condition;

(g)    It failed to adequately remove dangerous conditions from its property so it would be safe for individuals to sit on said property;

(h)    It failed to provide an alternate location for the plaintiff to sit to prevent individuals from encountering the dangerous condition;

(i)    It acted with willful or wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

(j)    It failed to fulfill its duty to protect individuals riding on the vehicle, including the plaintiff, Daniel Siegfried, from dangerous conditions.

(k)    It failed to adequately supervise and/or train its employees including the employee that operated the vehicle;

(l)    It was otherwise negligent.

## COUNT IV
## CLAIM AGAINST SFGT, INC.

52.    Paragraphs 1 through 51 are incorporated by reference.

53.    The direct and proximate cause of the plaintiff's injuries was the negligence of the defendant, SFGT, Inc., its agents, servants and/or employees while acting in the course and scope of their employment.

54.    The negligence of SFGT, Inc.'s agents, servants, and/or employees is imputed onto the defendant, SFGT, Inc.

55.    The defendant, Andrew McVey, was an employee of the defendant, SFGT, Inc., acting within the scope of his employment at all times relevant.

56.    A proximate cause of the aforesaid collision was the negligence of the defendant, SFGT, Inc., by negligently hiring the defendant, Andrew McVey, whom they knew or should have known would act in a manner likely to cause injury to third persons.

57.    Defendant, SFGT, Inc., did not use reasonable care in selecting an employee, specifically the defendant, Andrew McVey, the operator of the golf cart, competent for the work intended.

58.    The defendant, SFGT, Inc., by negligently hiring a person whom they knew or should have known would act in a manner likely to cause injuries to third parties, acted in a manner which constituted willful and wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

59.    The direct and proximate result of the accident was the negligence of the defendant, SFGT, Inc., as follows:

(a)    It knew or should have known of the existence of an unsafe condition on its property, namely the slippery substance on the seats of the golf cart;

(b)    It failed to provide a seat restraining device;

(c)    It failed to take adequate steps to prevent the dangerous conditions then existing;

(d)    It failed to remedy the dangerous conditions within a reasonable period of time after it became aware or should have become aware of the dangerous condition;

(e)    It failed to take reasonable precautions to prevent this accident from happening;

(f)    It failed to maintain its property in a safe condition;

(g)    It failed to adequately remove dangerous conditions from its property so it would be safe for individuals to sit on said property;

(h)    It failed to provide an alternate location for the plaintiff to sit to prevent individuals from encountering the dangerous condition;

(i)    It acted with willful or wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried;

(j)    It failed to fulfill its duty to protect individuals riding on the vehicle, including the plaintiff, Daniel Siegfried, from dangerous conditions;

(k)    It failed to adequately supervise and/or train its employees including the employee that operated the vehicle;

(l)    It was otherwise negligent.

## COUNT V
## CLAIM AGAINST MILLSPORT DELAWARE

60.     Paragraphs 1 through 59 are incorporated by reference.

61.     The direct and proximate cause of the plaintiff's injuries was the negligence of the defendant, Millsport Delaware, its agents, servants and/or employees while acting in the course and scope of their employment.

62.     The negligence of Millsport Delaware's agents, servants, and/or employees is imputed onto the defendant, Millsport Delaware.

63.     The defendant, Andrew McVey, was an employee of the defendant, Millsport, Delaware, acting within the scope of his employment at all times relevant.

64.     A proximate cause of the aforesaid collision was the negligence of the defendant, Millsport Delaware, by negligently hiring the defendant, Andrew McVey, whom they knew or should have known would act in a manner likely to cause injury to third persons.

65.     Defendant, Millsport Delaware, did not use reasonable care in selecting an employee, specifically the defendant, Andrew McVey, competent for the work intended.

66.     The defendant, Millsport Delaware, by negligently hiring a person whom they knew or should have known would act in a manner likely to cause injuries to third parties, acted in a manner which constituted willful and wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

67.     The direct and proximate result of the accident was the negligence of the defendant, Millsport Delaware, as follows:

(a)     It knew or should have known of the existence of an unsafe condition on its property, namely the slippery substance on the seats of the golf cart;

(b)     It failed to provide a seat restraining device;

(c)     It failed to take adequate steps to prevent the dangerous conditions then existing;

(d)    It failed to remedy the dangerous conditions within a reasonable period of time after it became aware or should have become aware of the dangerous condition;

(e)    It failed to take reasonable precautions to prevent this accident from happening;

(f)    It failed to maintain its property in a safe condition;

(g)    It failed to adequately remove dangerous conditions from its property so it would be safe for individuals to sit on said property;

(h)    It failed to provide an alternate location for the plaintiff to sit to prevent individuals from encountering the dangerous condition;

(i)    It acted with willful or wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried;

(j)    It failed to fulfill its duty to protect individuals riding on the vehicle, including the plaintiff, Daniel Siegfried, from dangerous conditions;

(k)    It failed to adequately supervise and/or train its employees including the employee that operated the vehicle;

(l)    It was otherwise negligent.

## COUNT VI
## CLAIM AGAINST MILLSPORT FOREIGN

68.    Paragraphs 1 through 67 are incorporated by reference.

69.    The direct and proximate cause of the plaintiff's injuries was the negligence of the defendant, Millsport Foreign, its agents, servants and/or employees while acting in the course and scope of their employment.

70.    The negligence of Millsport Foreign's agents, servants, and/or employees is imputed onto the defendant, Millsport Foreign.

71.    The defendant, Andrew McVey, was an employee of the defendant, Millsport Foreign, acting within the scope of his employment at all times relevant.

72.    A proximate cause of the aforesaid collision was the negligence of the defendant, Millsport Foreign, by negligently hiring the defendant, Andrew McVey, whom they knew or should have known would act in a manner likely to cause injury to third persons.

73.    Defendant, Millsport Foreign, did not use reasonable care in selecting an employee, specifically the defendant, Andrew McVey, competent for the work intended.

74.    The defendant, Millsport Foreign, by negligently hiring a person whom they knew or should have known would act in a manner likely to cause injuries to third parties, acted in a manner which constituted willful and wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

75.    The direct and proximate result of the accident was the negligence of the defendant, Millsport Foreign, as follows:

(a)    It knew or should have known of the existence of an unsafe condition on its property, namely the slippery substance on the seats of the golf cart;

(b)    It failed to provide a seat restraining device;

(c)    It failed to take adequate steps to prevent the dangerous conditions then existing;

(d)    It failed to remedy the dangerous conditions within a reasonable period of time after it became aware or should have become aware of the dangerous condition;

(e)    It failed to take reasonable precautions to prevent this accident from happening;

(f)    It failed to maintain its property in a safe condition;

(g)    It failed to adequately remove dangerous conditions from its property so it would be safe for individuals to sit on said property;

(h)    It failed to provide an alternate location for the plaintiff to sit to prevent individuals from encountering the dangerous condition;

(i)    It acted with willful or wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried;

(j)    It failed to fulfill its duty to protect individuals riding on the vehicle, including the plaintiff, Daniel Siegfried, from dangerous conditions;

(k)    It failed to adequately supervise and/or train its employees including the employee that operated the vehicle;

(l)    It was otherwise negligent.

## COUNT VII
## CLAIM AGAINST OMNICOM GROUP, INC.

76.    Paragraphs 1 through 75 are incorporated by reference.

77.    The direct and proximate cause of the plaintiff's injuries was the negligence of the defendant, Omnicom Group, Inc., its agents, servants and/or employees while acting in the course and scope of their employment.

78.    The negligence of Omnicom Group, Inc.'s agents, servants, and/or employees is imputed onto the defendant, Omnicom Group, Inc.

79.    The defendant, Andrew McVey, was an employee of the defendant, Omnicom Group, Inc., acting within the scope of his employment at all times relevant.

80.    A proximate cause of the aforesaid collision was the negligence of the defendant, Omnicom Group, Inc., by negligently hiring the defendant, Andrew McVey, whom they knew or should have known would act in a manner likely to cause injury to third persons.

81.    Defendant, Omnicom Group, Inc., did not use reasonable care in selecting an employee, specifically the defendant, Andrew McVey, competent for the work intended.

82.     The defendant, Omnicom Group, Inc., by negligently hiring a person whom they knew or should have known would act in a manner likely to cause injuries to third parties, acted in a manner which constituted willful and wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

83.     The direct and proximate result of the accident was the negligence of the defendant, Omnicom Group, Inc., as follows:

(a)     It knew or should have known of the existence of an unsafe condition on its property, namely the slippery substance on the seats of the golf cart;

(b)     It failed to provide a seat restraining device;

(c)     It failed to take adequate steps to prevent the dangerous conditions then existing;

(d)     It failed to remedy the dangerous conditions within a reasonable period of time after it became aware or should have become aware of the dangerous condition;

(e)     It failed to take reasonable precautions to prevent this accident from happening;

(f)     It failed to maintain its property in a safe condition;

(g)     It failed to adequately remove dangerous conditions from its property so it would be safe for individuals to sit on said property;

(h)     It failed to provide an alternate location for the plaintiff to sit to prevent individuals from encountering the dangerous condition;

(i)     It acted with willful or wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried;

(j)     It failed to fulfill its duty to protect individuals riding on the vehicle, including the plaintiff, Daniel Siegfried, from dangerous conditions;

(k)     It failed to adequately supervise and/or train its employees including the employee that operated the vehicle;

(l)     It was otherwise negligent.

## COUNT VIII
## CLAIM AGAINST ANDREW MCVEY

84.     Paragraphs 1 through 83 are incorporated by reference.

85.     The direct and proximate cause of the plaintiff's injuries was the negligence of the defendant, Andrew McVey as follows:

(a)     He failed to give full time and attention to the operation of the vehicle;

(b)     He failed to maintain a proper lookout while operating the vehicle;

(c)     He operated a vehicle in a careless and imprudent manner or without due regard to road, weather and traffic conditions then existing;

(d)     He operated a vehicle which was not equipped with brakes adequate to control the movement of and stop such vehicle;

(e)     He drove his vehicle in willful and wanton disregard for the safety of persons and property on said roadway;

(f)     He failed to keep the vehicle under proper and adequate control at the time of the accident, in violation of the common law duty of care he had to others on the road, including the plaintiff, Daniel Siegfried;

(g)     He failed to maintain and keep a proper lookout for persons and other vehicles in the area at the time of the accident, in violation of the common law duty of care he had to others on the road, including the plaintiff, Daniel Siegfried;

(h)     He failed to operate his vehicle as a reasonable and prudent person under the circumstances in doing the aforementioned acts set forth in subparagraphs (a) through (g), in

Doroshow, Pasquale,
Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

violation of the common law duty of care he had to others on the roadway, including the

plaintiff, Daniel Siegfried;

     (i)    He was otherwise negligent.

## CLAIM IX
## CLAIM OF DANIEL SIEGFRIED

86.    Paragraphs 1 through 85 are incorporated by reference.

87.    As a direct and proximate result of the defendants' negligence, the plaintiff,

Daniel Siegfried, suffered personal injuries both of a temporary and permanent nature, including,

but not limited to: injuries to the thoracic and lumbar spine.

88.    As a consequence of his injuries, the plaintiff, Daniel Siegfried, has been required

to undergo prolonged medical treatment, including but not limited to interventional procedures

such as sacroiliac joint and selective nerve blocks and epidurals.

89.    As a further consequence of his injuries, the plaintiff, Daniel Siegfried, has

experienced, continues to experience and is likely to experience in the future, substantial

physical pain and suffering, and discomfort.

90.    As a further consequence of his injuries, the plaintiff, Daniel Siegfried, has

experienced, continues to experience and is likely to experience in the future, emotional pain

suffering, anxiety and nervousness.

91.    As a further result of the defendants' negligence, the plaintiff, Daniel Siegfried,

has incurred, and may in the future continue to incur, medical bills for the treatment of the

injuries sustained in the accident.

92.    As a further consequence of his injuries, the plaintiff, Daniel Siegfried, suffered a

loss of earnings and an impairment of earning capacity.

WHEREFORE, the plaintiff prays that this Court enter judgment against the defendants,

McNeil Consumer Healthcare, a division of McNeil-PPC, Inc., Johnson & Johnson- Merck

Consumer Pharmaceuticals Co. Johnson & Johnson, SFGT, Inc., Millsport, L.L.C., a Delaware corporation, Millsport, L.L.C., a foreign corporation, Omnicom Group, Inc., and Andrew McVey, jointly and severally, for all compensatory and special damages and the cost of this action, along with any additional relief that the Court may deem proper.

DOROSHOW, PASQUALE,
KRAWITZ & BHAYA

By: _____

ARTHUR M. KRAWITZ (I.D. NO.: 2440)
MATTHEW R. FOGG (I.D. NO.: 4254)
1202 Kirkwood Highway
Wilmington, DE   19805
(302) 998-0100
Attorneys for Plaintiff
ArthurKrawitz@dplaw.com
MattFogg@dplaw.com

DATED: 6-5-2007

℞JS 44  (Rev. 11/04)

**CIVIL COVER SHEET**

07 - 354

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**

Daniel Siegfried

**(b)**  County of Residence of First Listed Plaintiff  Analomink, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
Doroshow, Pasquale, Krawitz & Bhaya
1202 Kirkwood Hwy Wilmington, DE 19805
(302) 998-0100

**DEFENDANTS**

McNeil Consumer Healthcare,
et. al.

County of Residence of First Listed Defendant  New Brunswick, NJ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION**  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government
  Plaintiff
- ☐ 3  Federal Question
  (U.S. Government Not a Party)
- ☐ 2  U.S. Government
  Defendant
- ☒ 4  Diversity
  (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)  and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN**  (Place an "X" in One Box Only)

- ☒ 1  Original
  Proceeding
- ☐ 2  Removed from
  State Court
- ☐ 3  Remanded from
  Appellate Court
- ☐ 4  Reinstated or
  Reopened
- ☐ 5  Transferred from
  another district
  (specify)
- ☐ 6  Multidistrict
  Litigation
- ☐ 7  Appeal to District
  Judge from
  Magistrate
  Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332(a)(1) and 1332(c)(1)
Brief description of cause:
Plaintiff injured during promotional campaign

**VII. REQUESTED IN**
**COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S)**
**IF ANY**
(See instructions):  JUDGE  GMS
DOCKET NUMBER  07-118

DATE  6-5-07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. **0 7 - 3 5 4**

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ 8 _____ COPIES OF AO FORM 85.

JUN 0 5. 2007

_____
(Date forms issued)

_Tara Bustard_

_____
(Signature of Party or their Representative)

_Tara Bustard_

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action