IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL SIEGFRIED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-354 GMS |
| | ) | |
| | ) | |
| McNEIL CONSUMER HEALTHCARE, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On June 5, 2007, the plaintiff, Daniel Siegfried ("Siegfried") filed the above-captioned negligence and personal injury action against McNeil Consumer Healthcare, Inc. ("McNeil"), Johnson & Johnson-Merck Consumer Pharmaceuticals Co. ("J&J-Merck"), Johnson & Johnson ("J&J"), SFGT, Inc. ("SFGT"), Millsport L.L.C. ("Millsport"), Omnicom Group Inc. ("Omnicom"), and Andrew McVey ("McVey"). Presently before the court is the court's sua sponte inquiry regarding subject matter jurisdiction. *See Golden ex. rel. Golden v. Golden*, 382 F.3d 348, 354 (3d Cir. 2004); *see also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003) ("courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt . . . . A necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns."). Because Siegfried asserts diversity as the only basis for jurisdiction, pursuant to 28 U.S.C. § 1332, and because there is not complete diversity of citizenship, the court will dismiss this action.

Pursuant to 28 U.S.C. § 1332(a)(1), a federal court has jurisdiction over a case in which there is complete diversity of citizenship. The term "complete diversity of citizenship" means that "no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets*

*of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). Where a corporation is a named party to the litigation, it is "deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1) (emphasis added). Here, Siegfried's complaint alleges that he is a resident of Pennsylvania. (D.I. 1 ¶ 1.) The complaint further alleges that at least two of the defendant corporations, McNeil and SFGT, have their principal place of business in Pennsylvania. (See D.I. 1 ¶¶ 2, 5.) McNeil and SFGT, therefore, are citizens of Pennsylvania, the same state in which Siegfried resides. As a result, no complete diversity of citizenship exists, and the court will dismiss this case.

Dated: June 19, 2007                             /s/ Gregory M. Sleet
                                                 UNITED STATES DISTRICT JUDGE